IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN HULL, )
      Plaintiff, )
       )
   v. ) Civil Action No. 06-1669
       )
FLEETWOOD ENTERPRISES, INC., )
CATERPILLAR, INC., ALLISON )
TRANSMISSION and SPARTAN )
CHASSIS, )
      Defendants. )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                      March 2l, 2007

    This is a breach of warranty action. Plaintiff, John Hull, alleges that defendants, Fleetwood Enterprises, Inc., Caterpillar, Inc., Allison Transmission, and Spartan Chassis, breached their warranty agreements by failing to properly repair plaintiff's motor home vehicle in violation of the Magnuson-Moss Federal Trade Commission Improvement Act, 15 U.S.C. § 2301, et seq., the Pennsylvania Uniform Commercial Code, 13 Pa. Cons. Stat. § 1101, et seq., and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P. S. § 201-1, et seq. Plaintiff seeks rescission and punitive damages. Defendant Fleetwood Enterprises, Inc. ("Fleetwood"), has filed a motion to dismiss arguing that plaintiff cannot prove that defendants breached any duty. Defendant Fleetwood further argues that Florida law applies to plaintiff's claims, therefore plaintiff cannot state a claim under Pennsylvania statutes. Defendant

Allison Transmission, Inc. ("Allison"), has joined in defendant Fleetwood's motion. Defendant Caterpillar, Inc. ("Caterpillar"), has filed a motion for a more definite statement arguing that the pleading is so vague that defendant cannot prepare a proper responsive pleading.

For the reasons set forth below, the motions will be denied.

I.   BACKGROUND

Accepting plaintiff's allegations as true, the following is the factual predicate of the case. On or about August 3, 2005, plaintiff purchased a motor home vehicle manufactured and warranted by defendants. Plaintiff, a Pennsylvania resident, purchased the vehicle in Florida and registered it in Pennsylvania. The vehicle was defective, because it had a non-conforming air bag, suspension, odors, jack, vacuum system, engine, doors, interior, stereo system, electrical system, ceiling fan, washing machine, televisions, exterior, leaks, HVAC system and windshield. Plaintiff reported these non-conformities to defendants on several different occasions and requested that they be repaired pursuant to defendants' warranties. Defendants' attempts to repair the vehicle were unsuccessful and the vehicle is now worthless or substantially impaired. Plaintiff seeks to revoke acceptance of the vehicle and requests a return of all funds paid toward the vehicle.

II.   STANDARD OF REVIEW

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to examine independently the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.49 (3d ed. 2007). See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is according to this standard that the court has reviewed defendants' motion. Based on the pleadings of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the court is not persuaded "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

III.   DISCUSSION

A. Motion to Dismiss

3

Defendants Fleetwood and Allison have moved to dismiss the complaint because plaintiff cannot prove that defendants breached any duty owed to him. According to defendants, plaintiff's failure to attach documentation of the specific non-conformities complained of or to prove that the vehicle has been presented to defendants for repair, means that plaintiff's complaint "fails as a matter of law." Defendants also allege that Florida law applies to plaintiff's claims, therefore, plaintiff's Counts II and III brought under Pennsylvania statutes must be dismissed.

Plaintiff contends that his complaint is factually sufficient to set forth a cause of action for breach of warranty. Plaintiff further contends that Pennsylvania law applies to this case, therefore he has properly brought claims under Pennsylvania statutes.

The court finds that plaintiff's complaint sets forth a breach of warranty cause of action. The court also finds that Pennsylvania law applies to this case, therefore, defendants' motion to dismiss will be denied.

Defendants cite no legal authority for the novel proposition that plaintiff's failure to attach documentation proving his claim means that plaintiff's complaint "fails as a matter of law." To the contrary, Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." This is because the function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. Continental Collieries v. Shober, 130 F.2d 631, 635 (3d. Cir. 1942).

In the instant case, plaintiff's complaint alleges that defendants failed to repair his vehicle as required by their warranties; this gives defendants notice of the claim asserted. Accordingly, defendants' motion to dismiss the complaint for failure to state a claim must be denied.

Defendants also contend that Florida law applies to this case, therefore, plaintiff's claims under Pennsylvania statutes should be dismissed. According to defendants, plaintiff's claims are brought under a purchase agreement that has a choice of law provision. The purchase agreement states that Florida law governs any dispute arising out of the purchase of the motor home.

Plaintiff alleges that he is not bringing suit pursuant to the purchase agreement, but he is bringing suit pursuant to a warranty extended by defendants. The warranty does not have a choice of law provision. Plaintiff further contends that a choice of law analysis reveals that Pennsylvania law applies to his claims. We agree with plaintiff. Defendants' motion to dismiss Counts I and II is denied.

We will first address defendants' contention that plaintiff's claims are brought under, and controlled by, the purchase agreement. Although defendants rely on a document outside the pleading, at the motion to dismiss stage, the court can consider outside documents if plaintiff relies on them in bringing the action. See Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808 (3d. Cir. 1990).

At the outset, we note that defendants are not a party to the purchase agreement. Even if defendants argued that they are third party beneficiaries to this agreement, which they do not, plaintiff is not bringing his claims pursuant to this contract. Plaintiff brings his claims under warranties extended by defendants. We therefore will not consider the purchase agreement at the motion to dismiss stage.

A federal court sitting in diversity must apply the choice of law rules of the forum state in determining which state's law to apply to the substantive issues before it. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941); Blakesley v. Wolford, 789 F.2d 236, 238 (3d Cir. 1986). As this action is brought in the United States District Court for the Western District of Pennsylvania, Pennsylvania's choice of law rules apply to this personal injury action.

Pennsylvania follows a "flexible rule which permits analysis of the policies and interests underlying the particular

issue before the court." Griffith v. United Air Lines Inc., 203 A.2d 796, 805 (Pa. 1964). Under this approach, courts are to apply the law of the forum with the most interest in the problem. Id. In determining which state's law should be applied in a given case, Pennsylvania courts require an analysis of the policies and interests underlying the case as set forth in the Restatement (Second) view, commonly known as the most significant relationship test.

Initially, we must consider whether a true conflict exists between Florida law and Pennsylvania law. Berg Chilling Systems, Inc. v. Hull Corp., 435 F.3d 455, 462, (3d. Cir. 2006). Where the laws of two jurisdictions would produce the same result on a particular issue, the court should avoid a choice of law analysis. Id. If there are relevant differences between the two states' laws, the court should examine the governmental principles underlying each law. A choice of law analysis is necessary only if both jurisdiction's interests would be impaired by the application of the other state's laws. Cipolla v. Shaposka, 267 A.2d 854 (Pa. 1970). If a true conflict exists, the Court must then determine which state has the greater interest in the application of its law. Id. at 856.

Under Pennsylvania law, a purchaser of goods is able to assert claims against manufacturers based on a theory of implied warranties. A claimant need not be in privity of contract with

the manufacturer in order to bring the claim. See Goodman v. PPG Industries, 849 A.2d 1239 (Pa. Super. 2004). Florida law, on the other hand, requires privity for a breach of implied warranty claim. See Rentas v. Daimler Chrysler Corp., 936 So. 2d 747 (Fla. Dist. Ct. App. 2006). Therefore, there is clearly a conflict between Pennsylvania law and Florida law with regard to implied warranty claims.

The policies behind the laws are different. The Supreme Court of Pennsylvania has held that anyone injured by a defective product may sue and anyone in the distributive chain may be sued. Williams v. West Penn Power Co., 467 A.2d 811, 817-818 (Pa. 1983). The goal is to protect consumers from goods that are "below commercial standards or unfit for the buyer's purpose." Goodman v. PPG Industries, 849 A.2d at 1245 (citing Turney Media Fuel, Inc. v. Toll Bros., 725 A.2d 836, 840 (Pa. Super. 1999)). Florida courts, on the other hand, have held that because the source of warranty law is in contract, privity between the parties is essential to an implied warranty claim. Kramer v. Piper Aircraft Corp., 520 So.2d 37, 39 (Fla. 1988). The rationale behind this contractual approach is to protect a manufacturer from being held liable by anyone who is not a party to the initial contract or sale. The purpose behind these two laws, to protect consumers or manufacturers, indicate that a true conflict exists. As such, we now turn to the choice of law analysis.

The Restatement (Second) Conflict of Laws instructs courts to consider the following contacts:

    (a) the place of contracting,

    (b) the place of negotiation of the contract,

    (c) the place of performance,

    (d) the location of the subject matter of the contract, and

    (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

Restatement (Second) Conflict of Laws § 188.

An analysis of the relevant contacts demonstrates that the Commonwealth of Pennsylvania has the most significant relationship to the issues involved in this case, and its law should be applied.

The first factor that we consider is the place of contracting. According to the Restatement, this is the place where the last act necessary to complete the contract occurred. See Restatement (Second) Conflict of Laws § 188, Comment e. In the instant case, the warranty went into effect when plaintiff purchased the vehicle in the state of Florida. Therefore, this factor weighs in favor of applying Florida law.

The second factor, the place of negotiation of the contract, is inapplicable to this case because the parties did not negotiate the warranties.

The third factor listed in the Restatement is the place of performance. We find that the place of performance is Pennsylvania. According to the warranty issued by defendant Fleetwood, the customer "should return [his] motor home to the selling dealer for warranty service. If this is not possible, [he] may contact any other authorized Fleetwood motor home dealer." The warranty goes on to state that the service department can help a customer find a dealer in the customer's area. The contract clearly contemplates that a customer be able to enforce the warranty by going to a dealer located near his home. Most importantly, it seems from the complaint that plaintiff did in fact invoke defendants' warranty in Pennsylvania. Therefore, this factor weighs in favor of Pennsylvania law.

The next factor, the location of the subject matter, also weighs in favor of Pennsylvania law because the motor vehicle is located, and registered in, Pennsylvania. The comment to the Restatement stresses that the location of the item is significant, because "the state where the thing ... is located will have a natural interest in transactions affecting it." See Restatement (Second) Conflict of Law §188, Comment e.

Finally, as for the domicil of the parties, we note that plaintiff is a Pennsylvania resident. Defendant Fleetwood regularly conducts business in Pennsylvania and its principal

place of business is in California. Defendant Allison also conducts business in Pennsylvania, and its principal place of business is Indiana. There are no residents of Florida involved in this suit. This factor weighs in favor of applying Pennsylvania law.

In determining which state's law governs plaintiff's claims, this court must weigh the contacts on a qualitative scale according to their relation to the policies and interests underlying the issues in question.  See Melville v. Am. Home Assurance Co., 584 F.2d 1306, 1311 (3d Cir. 1978).  See also Cipolla v. Shaposka, 267 A.2d 854, 856 (Pa. 1970) (court must do more than merely count the significant contacts). The underlying question is which state has the strongest interest in having its law applied. Although the vehicle was purchased in Florida, there are no Florida residents involved in this dispute. Plaintiff on the other hand is a Pennsylvania resident. The vehicle is registered in Pennsylvania and defendants conduct business in Pennsylvania. Defendants expected their customers to benefit from the warranty in any state where defendants were doing business. As such, we find that the state of Florida does not have any strong interest in having its laws applied, but that Pennsylvania has a strong interest in protecting its resident consumers. As such, we hold that Pennsylvania law applies to plaintiff's

claims. Defendants' motion to dismiss Counts II and III of plaintiff's complaint is denied.

### B. Motion for a More Definite Statement

Defendant Caterpillar has filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e), alleging that the complaint lacks information that defendants need to be able to prepare a responsive pleading.

Plaintiff contends that the complaint properly complies with the Federal Rules of Civil Procedure which only requires pleadings to be short and plain. We agree.

Fed.R.Civ.P. 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In Conley v. Gibson, 355 U.S. 41 (1957), the Court reinforced a literal interpretation of the rule:

> [t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

Id. at 47 (footnote omitted).

Plaintiff in his complaint has alleged that Caterpillar, along with all other defendants, is a manufacturer of the vehicle, that the vehicle is defective, that Caterpillar issued warranties to plaintiff which it then breached and that

12

Caterpillar has committed unfair and deceptive practices. This is clearly enough to put defendant on notice of the claims against it.

The simplified pleading standard relies on liberal discovery rules to define disputed facts. See Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002). Defendant will have an opportunity during discovery to define the specific facts underlying plaintiff's complaint. Therefore, defendant's motion for a more definite statement is denied.

IV.   CONCLUSION

Defendants' motion to dismiss is denied. Defendant's motion for a more definite statement is denied. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HULL,<br>      Plaintiff,<br><br>    v.<br><br>FLEETWOOD ENTERPRISES, INC.,<br>CATERPILLAR, INC., ALLISON<br>TRANSMISSION, and SPARTAN<br>CHASSIS,<br>      Defendants. | )<br>)<br>)<br>)  Civil Action No. 06-1669<br>)<br>)<br>)<br>)<br>)<br>) |

Therefore, this 21 st day of March, 2007, IT IS HEREBY ORDERED that defendants' Motion to Dismiss [documents #5 and #29] are DENIED. IT IS FURTHER ORDERED that defendant's Motion for a More Definite Statement [document # 14] is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

14